

THE ATTORNEY GENERAL
OF TEXAS

GERALD C. MANN          AUSTIN 11, TEXAS
XXXXX XXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable John R. Shook            Opinion No. O-3688
Criminal District Attorney
Courthouse                         Re: Legality of ordering and holding
San Antonio, Texas                     a bond election in a common
                                       school district pursuant to pro-
Attention: Mr. Jay Sam Levey            visions of Articles 2784 to 2787,
                                       of the Revised Civil Statutes,
Dear Sir:                              where a similar bond issue has
                                       been defeated within less than a
                                       year of the proposed new bond
                                       election.

        We have your letter of June 14, 1941, requesting our opinion
on the following question: "Is it legal to order and hold a bond election in
a common school district pursuant to the provisions of Articles 2784 through
2787 of the Revised Civil Statutes of Texas, where a similar bond issue has
been defeated within less than a year of the proposed new bond election?"

        Article 2784 of Vernon's Annotated Civil Statutes authorized the
levy of a special tax for maintenance purposes within common and independent
school districts and provides that not exceeding Fifty Cents (50¢) on the one
hundred dollars of taxable valuation within any such district shall ever be
levied for bond purposes. It also fixes a limit of One Dollar upon the one
hundred dollar valuation of taxable property for both purposes, that is main-
tenance and bond. Article 2785 prescribes the manner of holding elections
to authorize the levy of a maintenance tax. Article 2786 provides the method
for voting bonds in common and independent school districts. Said article
reads as follows:

        "Whenever the proposition to issue bonds is to be voted
    on in any common or independent school district hereunder,
    the petition, election order and notice of election must distinctly
    specify the amount of the bonds, the rate of interest, their maturi-
    ty dates, and the purpose for which the bonds are to be used. The
    ballots for such election shall have written or printed thereon the
    words 'For the issuance of bonds and the levying of the tax in pay-
    ment thereof,' and 'Against the issuance of bonds and the levying
    of the tax in payment thereof.' Such bonds shall bear not more than

five per cent interest per annum and shall mature in serial annual installments over a period of not exceeding forty years from their date; provided, that when the houses are to be built of wood, said bonds shall mature in not more than twenty years from their date. Such bonds shall be examined by the Attorney General and if approved registered by the Comptroller. All bonds shall be sold to the highest bidder for not less than their par value and accrued interest, and the proceeds of such sale shall be deposited in the county depository for the common school districts, and in the district depository for the independent school districts, to the credit of such districts, and shall be disbursed only for the purpose for which the said bonds were issued, on warrants issued by the district trustees and approved by the county superintendent for common school districts, and by the president of the board of trustees and countersigned by the secretary of the said board for independent districts. (Id.; as amended Acts 1929, 41st Leg., 1st C.S., p. 97, ch. 43, § 1.)"

We do not find in said article any restriction or limitation as to the time when bond elections may be held. It is true that in Article 2785 this sentence appears "If said maintenance tax proposition is defeated at an election held for such purpose, no other election shall be held therein within one year from the date of said election." It will be noted that this restriction is imposed upon the holding of maintenance tax elections. The same restriction does not appear in the statute authorizing the holding of elections for the purpose of voting bonds.

Therefore you are advised that in our opinion a bond election may be called and held at any time irrespective of the success or failure of an election previously held, whether within a year or more than a year from the date of the proposed new bond election.

Trusting that this satisfactorily answers your inquiry, we are

Yours very truly

APPROVED JUL 18, 1941

ATTORNEY GENERAL OF TEXAS

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

By      /s/ Clarence E. Crowe
                              Assistant

CEC:ej:da

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN